**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00976-JLS-JDE                                        Date: July 17, 2023
Title:  Rose Leilani Dowell v. WinCo Holding, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Catherine Jeang for V. R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CASE (Doc. 14)**

    Before the Court is a Motion to Dismiss Case or, in the Alternative, to Stay filed by Defendant WinCo Holdings, Inc.  (Mot., Doc. 14; Mem., Doc. 14-1.)  Plaintiff Rose Leilani Dowell opposed, and Defendant replied.  (Opp., Doc. 16; Reply, Doc. 18.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for July 21, 2023, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS Defendant's Motion and DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE.

    This appears to be the latest of several class-action lawsuits filed against Defendant asserting violations of California's labor laws.  The Court addressed the previously filed lawsuits against Defendant on November 8, 2022, when it dismissed the third-filed such action as needlessly duplicative of and subsumed under other pending actions.  *See King v. WinCo Holdings, Inc.*, 2022 WL 18284892, at *1–3 (C.D. Cal. Nov. 8, 2022) (Staton, J.)  Defendant again seeks dismissal or a stay based on the first-to-file rule, arguing that this action is duplicative of the other class actions pending against it in the Eastern District of California.  (*See* Mem. at 4–5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-00976-JLS-JDE                               Date: July 17, 2023
Title: Rose Leilani Dowell v. WinCo Holding, Inc. et al

The first-to-file rule is a generally recognized principle of federal comity that "may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)). "The doctrine allows district courts flexibility to dismiss, stay, or transfer a case to avoid duplicative litigation and to conserve judicial resources." *Ortiz v. Walmart, Inc.*, 2020 WL 5835323, at *2 (C.D. Cal. Sept. 18, 2020). The Ninth Circuit has affirmed that this rule seeks to promote judicial efficiency and "should not be disregarded lightly." *Church of Scientology v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Courts enjoy "an ample degree of discretion" when deciding whether to dismiss or stay a case under the first-to-file rule. *Pacesetter Sys.*, 678 F.2d at 95 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)).

The rule applies "when a complaint involving the same parties and issues has already been filed in another district." *Alltrade*, 946 F.2d at 625. The rule's application focuses on: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The parties and actions do not have to be identical, but they must be substantially similar. *Id.* Where the cases involve class actions, as here, courts compare the classes, not the class representatives. *See, e.g.*, *Arakelian v. Mercedes-Benz USA, LLC*, 2018 WL 6422649, at *1 (C.D. Cal. June 4, 2018) ("[W]hen applying the first-to-file rule to proposed class actions, District Courts in California, usually, compare the scope of the putative classes rather than limiting the comparison to just the named plaintiffs.")

Plaintiff concedes that this action is largely duplicative of the other class actions against Defendant pending in the Eastern District of California, but argues that the case should be stayed rather than dismissed:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00976-JLS-JDE                                        Date: July 17, 2023
Title:  Rose Leilani Dowell v. WinCo Holding, Inc. et al

> [T]he case involves claims which are not at issue in the other actions[,] including Plaintiff's claim of failure to pay all vested vacation (fifth cause of action) and derivative claims based on the failure to pay all vested vacation pay, *i.e.*, portion of claim of failure to timely pay wages following separation of employment (ninth cause of action), portion of the claim for failure to provide complete and accurate wage statements (tenth cause of action), and portion of the claim for unfair competition (eleventh cause of action).

(Opp. at 3.)  Plaintiff also points to underlying facts that purportedly differentiate her claims from the claims asserted in the other actions—for example, that she seeks reimbursement for cell phone use rather than reimbursement for having to buy knives for the Meat Department, as alleged by the plaintiff in one of the other suits.  (*Id.*)

　　Plaintiff's argument fails to persuade.  "The first-to-file rule does not require identical issues or 'exact parallelism,' but requires substantial similarity of the issues." *De La Cruz v. Target Corp.*, 2018 WL 3817950, at *2 (S.D. Cal. Aug. 8, 2018) (quoting *Kohn Law Grp.*, 787 F.3d at 1240); *see also Swangler v. Cherne Contracting Corp.*, 2021 WL 6332532, at *3 (N.D. Cal. Jan. 22, 2021) (dismissing class claims under the first-to-file rule after agreeing with the defendant that "the inclusion of additional causes of action [did] not prevent application of the first-to-file rule" where the actions were substantially similar).  That is a sound rule: if Courts were to look for exact matches between first-filed and later-filed actions, then the first-to-file rule would be easily evaded by cleverly varying the pleadings or adding related causes of action not included in the first-filed action.  Plaintiff tries to draw fine-grained distinctions between this action and the previously filed actions, but she does not dispute their substantial similarity.  That is not enough to persuade the Court to deviate from its reasoning in its Order dismissing the *King* action against Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:23-cv-00976-JLS-JDE | Date: July 17, 2023 |
| Title:  Rose Leilani Dowell v. WinCo Holding, Inc. et al | |

    Accordingly, the Court GRANTS Defendant's Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint.

Initials of Deputy Clerk: <u>CMJ</u>